# Long-Richardson Mercantile Co. *v*. Herron.

## *Assumpsit*.

(Decided Dec. 21, 1911.   57 South. 133.)

1. *Charge of · Court; Applicability to Evidence; Assumpsit.*— Where the action was for the price of goods sold and the plea was a set off for the price of goods sold a tenant of the plaintiff, with replication thereto, setting up the statute of frauds, and the evidence tended to show an order given by plaintiff to the tenant directed to another with authorization to use the order at the defendant's store on condition only that the tenant could not secure the goods desired at the store to whom the order was addressed, a charge to find for the defendant if the jury believed from the evidence that plaintiff authorized the use of the order at the defendant's store was properly refused as ignoring the above tendencies of the evidence, since it was not a necessary inference that the goods could not be procured from the addressee, and if that were possible, the statute of frauds was a sufficient defense.

2. *Trial; Admission of Evidence; Objection.*—Where a part of the question was improper but another part of the question called for evidence which might have been legal and relevant, there was no error in overruling an objection to the question as a whole, as the objection thereto should have been specific.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by J. M. Herron against Long-Richardson Mercantile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Plaintiff was a farmer, and had a tenant named Abel, to whom he gave an order, directed to J. M. Cranford, bookkeeper for the Cranford Mercantile Company, directing them to let Abel have $40 or $50 worth of goods, and to take his note for same, and he would come in and take up the note, or sign it himself. Abel claimed that Herron directed him to use the order at the Long-Richardson Mercantile Company, if he failed to get what he wanted at Cranford's. Herron denied this. The tes-

timony of Abel was that he went through Cranford's stock, and, not finding what he wanted, he carried the order to the Long-Richardson Company and got what he wanted. Mr. Long and another witness testified that afterwards Herron came in and ratified the order, and instructed them to let Abel have further goods, and to take papers from Abel for Herron's benefit, which they did. Herron denied this. In the fall Herron sold them cotton, and in making the settlement they deducted the amount to cover the goods which they had sold Abel. Herron declined to accept the settlement, and brought suit. The defendant filed the plea of set-off, and the plaintiff replied with the statute of frauds. The other facts sufficiently appear in the opinion. The following charge was requested by the defendant: "The court charges the jury that, if you are reasonably satisfied from the evidence that Herron authorized Abel to use the order at Long-Richardson's, then I charge you that Herron could not avoid the payment of the amount advanced under said order under the statute of frauds."

BANKHEAD & BANKHEAD, for appellant. The charge requested by the defendant should have been given.— *Bates v. B. P. & G. Co.,* 144 Ala. 198; *Rhodes v. Leeds,* 3 S. & P. 212; 20 Cyc. 166. The court erred in overruling objection to the question propounded by plaintiff and in letting in a copy of the receipt.

JAMES J. RAY, for appellee. The court did not err in refusing the charge, as the evidence was in conflict, and the promise was collateral and within the statute.— *Pake v. Wilson,* 127 Ala. 240; *Fuller v. Gray,* 124 Ala. 388; *Webb v. Hawkins L. Co.,* 101 Ala. 630. The objection to the question was general and to the question as a whole, and hence, the court was not in error in overruling it.

[Long-Richardson Mercantile Co. v. Herron.]

WALKER, P. J.—To the complaint containing the common counts the defendant (the appellant here) pleaded the general issue, and also two special pleas, one of which set up as an offset a claim for a sum alleged to be due to the defendant for goods, wares, and merchandise furnished to a tenant of the plaintiff at the latter's instance and request. This plea of set-off was sought to be sustained by evidence that the plaintiff authorized the tenant to use a written order addressed by the plaintiff to another merchant in getting the amount of merchandise mentioned in the order from the defendant if he could not get it from the merchant addressed, and also by evidence tending to show that the plaintiff in person authorized the defendant to let the tenant have merchandise up to a limit stated. The evidence was in conflict on the questions as to whether the plaintiff in either way authorized the defendant to charge him with the price of goods furnished to the tenant. The written charge refused to the defendant referred to the phase of the evidence tending to show that the plaintiff authorized the use of his written order to another in getting goods from the defendant. The refusal of that charge may be justified on the ground that it ignored the tendency of the evidence in that connection to show that if such authority was given it was conditioned upon the tenant's being unable to get what he wanted from the merchant to whom the order was addressed, and the fact that it was not a necessary inference from the evidence that the tenant could not get what he wanted from the merchant to whom the order was addressed. Under that charge as framed the plaintiff could not be held liable to the defendant on his written order to another, though the condition upon which he had authorized its use with the defendant had not arisen. This being true, the court was not in error in refusing to give that charge.

[Long-Richardson Mercantile Co. v. Herron.]

The evidence tended to prove that the defendant's claim to an offset covered considerably less than the amount due from it to the plaintiff for cotton bought of the latter. A witness for the plaintiff, who testified that he went with him to the defendant's store when he asked for a settlement for the cotton sold, was asked about a writing presented by the plaintiff to the representative of the defendant for the latter's signature—the writing being a receipt for the amount claimed to be due for the cotton, less the amount of the offset claimed by the defendant, and expressing an agreement that that claim of offset was to be settled thereafter—and as to what the representative of the defendant said to the plaintiff when he handed that paper back to him. The defendant excepted to the action of the court in overruling its objection to the question as a whole. We are not of opinion that the court was in error in this ruling. Conceding that the part of the question in reference to the paper to which the plaintiff sought to get the defendant's signature was subject to objection, yet the objection as made was too broad, as the question called also for testimony as to what was said by the representative of the defendant as to the matter then in dispute between them. That part of the question on its face did not show that it sought to elicit improper testimony. It was calculated to elicit evidence of an admission by the defendant's representative in reference to the dealings between them which might be available to the plaintiff as evidence in his behalf.

Affirmed.